DS 132868

ORIGINAL

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 AUG -3  PM 9: 12

DEPUTY CLERK_____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

3 - 21 CV 1790 - M

| | | |
|---|---|---|
| DELORES F. KENNON, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Cause No.:_____ |
| | § | |
| v. | § | |
| | § | |
| FANNIE MAE CORP., | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Delores F. Kennon ("Kennon" or "Plaintiff") brings this action against Defendant Fannie Mae Corporation ("Fannie Mae" or "Defendant") to redress certain grievances arising under the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). For causes of action, Plaintiff would show this Court as follows:

**I.     PARTIES**

1.      Plaintiff, Delores F. Kennon, is a citizen and resident of Dallas County, Texas, with a mailing address at PO Box 816121, Dallas, TX 75381.

2.      Defendant, Fannie Mae Corporation, is a corporation operating in Collin County, Texas and may be served by delivering citation to its offices located at Granite Park VII, 5600 Granite Parkway, Plano, TX 75024.

**II.     JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter pursuant to the American with Disabilities Act (1990 as amended), 29 USC § 621, et seq., the Age Discrimination in Employment

---

**Plaintiff's Original Complaint**                                                    Page 1 of 12

Act, 29 USC § 621, et seq. ("ADEA"), 29 USC §§ 2601, *et seq.*, and 28 USC § 1331, 1334 and the State of Texas common law under concurrent jurisdiction.

4.     Venue in this district is proper under the American with Disabilities Act (1990 as amended) and the Age Discrimination in Employment Act, 29 USC § 621, et seq. ("ADEA"), 29 USC §§ 2601, *et seq.*, and 28 USC § 1391(b).

5.     Defendant is an employer within the meaning of the American with Disabilities Act (1990 as amended), the Age Discrimination in Employment Act, 29 USC § 621, et seq. ("ADEA"), 29 USC §§ 2601, *et seq.*, and 29 USC § 630(b).

6.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC Charge No. 450-2017-03406) within 300 days of Defendant's discriminatory conduct.

7.     Plaintiff received a Notice of Right to Sue from the EEOC on or around May 5, 2021, relating to her claims, and brings this lawsuit within ninety (90) days of receipt. Attached hereto as Exhibit A.

8.     Based on the foregoing, all jurisdictional prerequisites to this suit have been met.

### III.     FACTS

9.     At all times relevant to this case, Plaintiff was an employee of the Fannie Mae as defined in ADA and ADEA.

10.     At all times relevant to this case, Defendant has been an "employer" within the meaning of Texas law, ADA, and ADEA.

11.     Plaintiff is sixty (60) years old.

12.     Plaintiff had worked for Defendant faithfully starting in 2006 as a Senior Asset Manager.

13.       Plaintiff was heavily recruited, and her credentials were fully vetted and verified by Fannie Mae Human Resources (Corporate) before her first day of employment at Fannie Mae.

14.       During her tenure, Plaintiff's work performance met all of Defendant's requirements.

15.       Plaintiff encountered pressure against her and heightened workplace stress given her multi-million-dollar, nationwide work portfolio in late 2009 and 2010. Yet, she continued to perform and received a "Star Award" in recognition of her accomplishments, along with a monetary award.

16.       Plaintiff subsequently, mid-year 2010, went on short-term disability (STD) due to incapacitating stress and clinical depression. In July 2010, Plaintiff went on leave for mental medical treatment, which turned into short-term disability and then long-term disability (LTD).

17.       Plaintiff followed all instructions as directed by Fannie Mae Management and Human Resources, including J. Veith, Human Resource Business Partner ("HRBP Veith"), in conjunction with their reported policies and procedures, and Plaintiff complied with the short-term disability leave provider and thereafter with the long-term leave provider. As such, Plaintiff applied and was approved for social security disability status.

18.       In a letter of February 2013, HRBP Veith retroactively informs Plaintiff that she was terminated some 15 months before and "the termination of your employment was related to your continued status on LTD." And "nothing in the correspondence reflects a performance-based termination."

19.       Such alleged termination was not only inconsistent with the information previously provided to Plaintiff during the time of her medical treatment and long-term leave, but it appeared to be an effort to veil the corporate errors in the handling of Plaintiff's rights during that time.

20.      The prior written correspondence from HRBP Veith indicating Plaintiff would be on an unpaid leave of absence status and would be terminated only if she did not qualify for long-term disability coverage.

21.      As noted, Plaintiff was approved and did receive long-term disability coverage.

22.      The Plaintiff responded to the alleged termination action with written rebuttal, while continuing to request re-entry to work via resumption/transfer of/to a similar position or application to a new position with Fannie Mae.

23.      Eventually, Defendant sent the Plaintiff the ADA Request for Accommodation and Return to Work Forms.  Plaintiff and her medical provider completed the required documents, including specific accommodations and a proposed Return to Work timetable.

24.      The original documents were returned to Fannie Mae's Stevens (and copies to HRBP Veith, as instructed) via overnight delivery. Stevens, who no one had ever mentioned before and who was listed as an ADA Facilitator, responded indicating receipt of Plaintiff's completed forms (being the Notice of Impairment and Request for Reasonable Accommodation Forms) in December 2012 but stated that the presentation of the forms was premature.

25.      As Plaintiff continued on LTD leave, it was viewed by the Plaintiff that presentation of the forms was directly in keeping with what the instructions were to her by HRBP Veith. Reportedly, Stevens departed Fannie Mae's employment sometime shortly thereafter (early 2013) and again Plaintiff was left with no answers or resolutions to her request to return to work. It is unknown if the ADA Facilitator position was eliminated based on the cornerstone legal question the Defendant was internally wrestling with, which was did Fannie Mae have to comply or not comply with the ADA.

26.      In the meantime, Plaintiff continued to applied for multiple positions (between 10-15 or more) and indicated in the applications that her Request for Accommodation and Return to Work were on record at Fannie Mae.

27.      Plaintiff started applying for a new position at Fannie Mae.

28.      In 2017, Plaintiff applied for at least three (3) positions at Fannie Mae.

29.      Plaintiff did not receive any interviews or offers for positions that she was clearly qualified.

30.      On or about April 6, 2017, Plaintiff applied online on for a position on the Fannie Mae portal and received a generic response of "if there is a potential match, a recruiter will contact you."

31.      Subsequently, Plaintiff made contact with Defendant on multiple occasions, including with Fannie Mae Human Resources, Fannie Mae Ethics and Compliance and Fannie Mae In-House Legal with regard to her applications, and request for Counseling and Accommodation.  Plaintiff encountered roadblock after roadblock from Defendant, and her rights to work were denied by the Defendant as Plaintiff identified.

32.      After Plaintiff's application for another position, HRBP Veith transferred the matter to Fannie Mae HR Ethics and Compliance Director (HR ECD Collins). Plaintiff and her Advisor (who is not an attorney and who was inaccurately listed as an attorney by the EEOC, for which Plaintiff made specific correction) requested EEOC Counseling with Fannie Mae.   HR ECD Collins promised, on June 7, 2017, to providing the legal statutes that Fannie Mae was referencing about why Plaintiff could not be offered EEOC Counseling with Fannin Mae, but HR ECD Collins did not provide them and ceased all communications. Follow-up communication of June 22, 2017 yielded no response.

33.     Later, the matter was apparently turned over to Fannie Mae Associate General Counsel, LaPenotiere in the Dallas, Texas office. Plaintiff's Advisor, whom the Plaintiff had requested that Defendant speak to on her behalf, interacted with Fannie Mae's In-House Legal Department directly on June 14, June 22, and June 29, 2017, via phone or written correspondence. Again the Plaintiff asked to be afforded EEOC Counseling and an opportunity to return to work with accommodation.

34.     Counsel LaPenotiere's position was specifically and verbally defensive to the request. Defendant further stated that the request and reference to the processes set out in 29 USC 1614.104 did not apply to Fannie Mae, as she cited 29 USC 1614.103 via her email of June 22, 2017. Again, Plaintiff was blocked from re-entry to working at Fannie Mae.

35.     Plaintiff disagreed with that position, but based on what HRBP Veith had said, Plaintiff continued to ask, request, and assert by multiple job applications, that she was qualified for the jobs for which she had applied, and that she had "clicked" the applications box for disability,

36.     Plaintiff specifically applied for a Governance Analyst II job on April 6, 2017, for which she was qualified, and she received the generic reply from the Defendant as on previous occasions. Plaintiff, having had no constructive dialogue or forward progress with Defendant on her return-to-work request over such an extended time, had no choice so she filed the EEOC Charge which EEOC accepted as received on July 7, 2017. And, which EEOC issued a Charge Number.

37.     The vast internal divide existed between Fannie Mae Human Resources and Fannie Mae's Internal Legal Department relative to the central question of did (and does) Fannie Mae must comply with the ADA and ADAAA or not. The seemingly opposing and conflicting internal

positions and answers resulted in Plaintiff being blocked from employment (or re-employment in any manner) by Defendant.

38.      There was, therefore, no path for Plaintiff to secure a new job at Fannie Mae as a new, disabled applicant/worker (or return to work as a reinstated inactive or so designated former employee.)

39.      Considering Plaintiff's work life chronology with Defendant as well as her repeated requests for ADA accommodation, and Plaintiff's filing of the Complaint with the EEOC, Defendant revised the job postings and applications to add the word "disability" to the legally defined terms and categories of age, race, religious and orientation that are required to be protected. This is viewed as a material change and may, in part, result from the Charges brought forward through the Plaintiff's Complaint.

40.      Also, and within the last 180 days (approximately from February – July 29, 2021) Fannie Mae has updated their Fannie Mae job application website to indicate that disabled applicants may make contact through a specifically designated email address to Defendant's Human Resources group. Similarly, this too is viewed as a material change and may, in part, result from the Charges brought forward through the Plaintiff's Complaint.

41.      It is held that productive resolution may have occurred throughout the EEOC Charge process and time period.  To the contrary, Defendant elected to adopt not only an unwilling and uncooperative posture again through time, including again in their March 2021 EEOC response.

42.      The Defendant's response was incomplete, uninformed and had a seemingly punitive and retaliatory tone to the Plaintiff's EEOC Charge and filing. Defendant's may not be familiar with the Non-Retaliation Requirements that the EEOC provided as part of their

Determination Letter attachment of May 5, 2021, although it appears to specifically apply in this case. EEOC referred the charge to mediation on January 8, 2020. Plaintiff agreed to mediation; however, Fannie Mae refused without explanation.

43.         Additionally telling the Defendant's lack of care of job candidates under the ADA, ADAAA and ADE, Defendant (Counsel Blonder) stated, in part, "while applicants to Fannie Mae positions can indicate whether they are disabled, that information is kept solely for record-keeping purposes and is maintained in a Human Resources database that cannot be accessed by any individual in the hiring process for the roles to which the Complainant applied." This would appear to indicate that all ADA candidates have to get in-line with all other candidates, which is contrary to the ADA requirements and referenced regulations.

44.         Since on or about April 11, 2021, Defendant's actions to update and improve their on-line job application web site appears to indicate they acknowledge the Agency must comply with the ADA (and ADAAA) laws in all aspects.

45.         The ADA specifically requires employers to provide reasonable accommodations to qualified disabled applicants or employees, in which it would not cause undue hardship on the employer.  Additionally, by Plaintiff requesting assistance from Fannie Mae, Defendant knew that Plaintiff was qualified, knew that she had a verified, protected actual disability (and recordation of same) and she had made a return-to-work request with accommodation. Had Defendant made an effort, any effort, to accommodate the Plaintiff, it is likely there could have been a mutually acceptable agreement arranged and agreed to by Plaintiff and Defendant without the need to file this suit.

46.         Plaintiff's significant evidence points to Fannie Mae using the factors of disability and age in failing to extend offers of employment to Plaintiff.

---

**Plaintiff's Original Complaint**                                                                **Page 8 of 12**

47. Plaintiff suffered significant harm and damages as a consequence of Defendants actions.

## IV. CAUSES OF ACTION

**COUNT ONE: ADA DISCRIMINATION**

48. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

49. Defendant Fannie Mae is an "employer" as defined by the ADA.

50. Plaintiff Delores F. Kennon is an "employee" as defined by the ADA.

51. Plaintiff was qualified for all the positions for which she applied with Fannie Mae at all times while working for Defendant.

52. Plaintiff was both disabled and regarded as disabled in light of her reported disability.

53. Plaintiff requested and was put on short-term disability and then long-term disability on the advisement of Fannie Mae's management.

54. Plaintiff applied for government disability on advisement of Fannie Mae's management.

55. Plaintiff was advised by Fannie Mae's management to apply for new positions, and she did so on multiple occasions.

56. Although statistics are not available to the Plaintiff, it is purported that there are few, if any, existing or former employees, or new disabled job candidates that have received proper treatment by the Defendant over the years from 2010 to present. And, to what extent, if any, did Defendant process the disabled job applicants properly, if at all, and to what extent, if any, did Defendant offer Reasonable Accommodation of any disabled job applicants. It is unknown if there

---

is a required reporting element that Defendant and other such companies have to provide to their appropriate governmental overseers, which would disclose such data.

57.      As a result of Defendant's violations of ADA, Plaintiff has suffered mental and emotional trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

58.      As a result of these willful violations of the ADA, Plaintiff requests that she be awarded all compensatory damages, to which she is entitled, as outlined in Title VII, as well as equitable relief, and attorneys' fees and costs.

## COUNT TWO:    ADEA DISCRIMINATION

59.      Plaintiff reasserts and realleges everything contained in the preceding paragraphs as if fully stated herein.

60.      Plaintiff is sixty (60) years old.

61.      At all relevant times to Plaintiff's case, she was over 40 years old.

62.      Plaintiff applied to numerous positions for which she was clearly qualified at Fannie Mae between 2013-2017.

63.      Plaintiff was not granted a single interview or given any indication of earning a position with Fannie Mae.

64.      In addition, Plaintiff asserts that Fannie Mae is using her age as an additional factor in failing to select her for employment.

65.      Although statistics are not available to the Plaintiff, it is purported that the number of employees who are over the age of 60 is considerably less during the years 2017 to 2021 (present) than prior years.

---

**Plaintiff's Original Complaint**                                          

66.     As a result of these willful violations of the ADEA, Plaintiff requests that she be awarded all compensatory damages, to which she is entitled, as outlined in Title VII, as well as equitable relief, and attorneys' fees and costs.

## V.     DAMAGES

67.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

68.     Defendant's violations of ADA/ADEA give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest and all recourse and judgment as allowed by law.

## VI.     PRAYER FOR RELIEF

69.     WHEREFORE, Plaintiff respectfully prays that Defendant Fannie Mae be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against Defendant, and that Plaintiff be awarded the following:

A. Declare that Defendant violated Plaintiff's rights under ADA/ADEA;

B. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, unpaid back wages at the applicable overtime rate; front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

C. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

D. Compensatory damages as allowed by law

E.  Reasonable attorneys' fees, court costs, and expenses of this action

F.  Expert witness fees incurred by Plaintiff in the pursuit of this action;

G.  Damages for emotional distress and mental anguish;

H.  Pre-judgment and post-judgment interest as allowed by law; and

I.  Such other and further relief as may be allowed by law or in equity.


Respectfully submitted,

**Delores F. Kennon,** *Pro Se*
P.O. Box 816121
Dallas, TX 75381
dk82sm@gmail.com
(972) 989-9463

# EXHIBIT A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Delores F. Kennon**<br>**P. O. Box # 816121**<br>**Dallas, TX 75381** | From: | **Dallas District Office**<br>**207 S. Houston St.**<br>**3rd Floor**<br>**Dallas, TX 75202** |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2017-03406** | **Dennis G. Guzman,**<br>**Investigator** | **(972) 918-3594** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____

**Belinda F. McCallister,**
**District Director**

May 5, 2021

*(Date Issued)*

Enclosures(s)

cc:   **Seth Blonder, Associate General Counsel**
      **FANNIE MAE**
      **Fannie Mae Midtown Center**
      **100 15th Street, NW**
      **Washington, DC 20005**

      **Henry Holden, Attorney**
      **P.O. Box 271203**
      **Dallas, TX 75227**

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, a true and correct copy of the foregoing Complaint was served in accordance with F.R.C.P. 5(b)(2) by mail on the parties or their counsel of record listed below:

Seth Blonder, Associate General Counsel
FANNIE MAE
Fannie Mae Midtown Center
100 15th Street, NW
Washington, DC 20005


**Delores F. Kennon,** *Pro Se*

P.O. Box 816121

Dallas, TX 75381

dk82sm@gmail.com

(972) 989-9463